IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KING JOSEPH PENSON, II, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § No. 3:25-cv-00093-K-BT |
| | § |
| CONSUMERS CREDIT UNION, | § |
| | § |
| Defendant. | § |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

In this removed civil action, Defendant Consumers Credit Union has filed a Motion to Transfer (ECF No. 4) and Motion to Dismiss for Failure to State a Claim (ECF No. 6). Defendant's Motion to Transfer asks the Court to transfer this case to the Eastern District of Texas under the first-to-file rule or, alternatively, 28 U.S.C. § 1404(a). Mot. Transfer Br. 1 (ECF No. 5). Defendant's Motion to Dismiss seeks dismissal of Plaintiff's claims under Rule 12(b)(6) for failure to state a claim. Mot. Dismiss Br. 2–3 (ECF No. 7). For the reasons stated below, the Court recommends that the District Judge DENY Defendant's Motion to Transfer but GRANT Defendant's Motion to Dismiss.

**Background**

Plaintiff King Joseph Penson II, proceeding *pro se*, filed this breach of contract action in Texas state court in Rockwall County on December 18, 2024. Not. Rem. 9 (ECF No. 1). Plaintiff's Petition provides vague assertions that the

parties entered into a contract on October 9, 2024 and that Defendant "did not remedy the breach or settle [the] invoice amount of $15,500,000." Not. Rem. 10. On January 13, 2025, Defendant filed its Notice of Removal, Motion to Transfer (ECF No. 4), and Motion to Dismiss for Failure to State a Claim (ECF No. 6). The Motion to Transfer states that this case "is the fourth frivolous lawsuit Plaintiff has filed as a 'trustee' against lending or loan servicing entities arguing under 'sovereign citizen' legal theories." Mot. Transfer Br. 1 (ECF No. 5). Plaintiff's first two lawsuits were against Lakeview Loan Servicing LLC (Lakeview) and filed in Collin County, which Lakeview removed to the Eastern District of Texas. *Id.* at 1–2. Plaintiff filed his second lawsuit against Lakeview a week after voluntarily dismissing the first,[1] and the second lawsuit has since been dismissed without prejudice for Plaintiff's failure to retain counsel to represent Plaintiff in his trustee capacity as the Court ordered.[2] *Id.*

Plaintiff filed his initial suit against Defendant—and third suit overall—again in Collin County, and after Defendant removed to the Eastern District of Texas, the case was similarly dismissed without prejudice for Plaintiff's failure to follow the

---

[1] *See* 4:24-cv-00590-ADJ-AGD, Dkt. No. 26 (Plaintiff's Notice of Voluntary Dismissal).
[2] Defendant's motion notes that the Magistrate Judge's Findings, Conclusions, and Recommendation (FCR) recommending dismissal was still pending at the time Defendant filed the present motion, *see* Mot. Transfer Br. 1–2, but it has since been adopted by the District Judge. *See King Joseph Penson II Tr. v. Lakeview Loan Servicing LLC*, No. 4:24-CV-844-SDJ-BD, Dkt. No. 20, 2025 WL 307279 (E.D. Tex. Jan. 27, 2025).

Court's order to retain counsel to represent Plaintiff in his trustee capacity.[3] *Id.* at 2. Plaintiff then filed the present breach of contract suit in Rockwall County. *Id.* at 2–3. Defendant argues that, in this suit, Plaintiff "artfully removed" the sovereign citizen references present in his three prior lawsuits, *id.*, but his allegations have a consistent underlying premise of trying to pay off a loan through "self-created" notes, *id.* at 3. And here specifically, Defendant asserts that the present case "arise[s] out of the same facts" as Plaintiff's first suit against Defendant "contest[ing] his obligation to repay a Loan and Security Agreement ("Loan") for the purchase of a motor vehicle" and that the "contract" Plaintiff references in his present Petition is "an invoice Plaintiff unilaterally sent" in an attempt to discharge the Loan. *Id.* at 3–4.

In its Motion to Transfer, Defendant argues that the present case should be transferred to the Eastern District of Texas under the first-to-file rule or, alternatively, under 28 U.S.C. § 1404(a) given that all three of Plaintiff's prior similar suits were in the Eastern District. *Id.* at 1. Defendant also moves to dismiss under Rule 12(b)(6), arguing that Plaintiff has failed to "identify any allegations from which a claim could arise, much less the elements of his asserted claims." Mot. Dismiss Br. 2. Plaintiff did not file a response to either of Plaintiff's motions.

---

[3] The Magistrate Judge's FCR was similarly still pending at the time Defendant filed the present motion, *see* Mot. Transfer Br. 1–2, but it has since been adopted by the District Judge. *See King Joseph Penson II Tr. v. Consumers Credit Union*, No. 4:24-CV-00845-SDJ-BD, Dkt. No. 24, 2025 WL 307274 (E.D. Tex. Jan. 27, 2025).

3

**Legal Standards and Analysis**

Motion to Transfer

The "first-to-file" rule provides that "when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *Cadle Co. v. Whataburger of Alice, Inc.,* 174 F.3d 599, 603 (5th Cir. 1999) (internal citations and quotations omitted). The "pending" component is significant, as "the same considerations for not having cases simultaneously pending in two courts are not present where the first litigation has concluded." *Olaoye v. Wells Fargo Bank NA*, 2013 WL 5422888, at *1 (N.D. Tex. Sept. 27, 2013).

Here, the first-to-file rule no longer applies because the Eastern District actions are no longer pending. Although Plaintiff's first case against Defendant was pending in the Eastern District when it filed this Motion to Transfer, one week later the Eastern District dismissed without prejudice for Plaintiff's failure to follow court orders to obtain counsel. *See King Joseph Penson II Tr. v. Consumers Credit Union,* No. 4:24-CV-00845-SDJ-BD, Dkt. No. 24, 2025 WL 307274 (E.D. Tex. Jan. 27, 2025). Moreover, Plaintiff's related cases against Lakeview in the Eastern District have also been dismissed. *See* 4:24-cv-00590-ADJ-AGD, Dkt. No. 26 (Plaintiff's Notice of Voluntary Dismissal); *King Joseph Penson II Tr. v. Lakeview Loan Servicing LLC*, No. 4:24-CV-844-SDJ-BD, Dkt. No. 20, 2025 WL 307279 (E.D. Tex. Jan. 27, 2025) (adopting the report and recommendation of the

magistrate judge dismissing without prejudice). Thus, the Court denies Defendant's motion to transfer under the first-to-file rule.

The Court next turns to Defendant's alternative argument that the Court should transfer the present case under 28 U.S.C. § 1404(a). Mot. Transfer Br. 5–6. A district court may transfer an action to any other district where the plaintiff could have originally filed suit "for the convenience of the parties and the witnesses" when such a transfer is "in the interest of justice." 28 U.S.C. § 1404(a). The purpose of the § 1404(a) inquiry is to prevent the waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense. *DataTreasury Corp. v. First Data Corp.*, 243 F.Supp.2d 591, 593 (N.D. Tex. 2003) (Kaplan, J.). A district court has "broad discretion in deciding whether to order a transfer." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 311 (5th Cir. 2008) (en banc) (internal quotations omitted). The Fifth Circuit requires that courts consider various private and public interest factors when determining whether to grant a motion to transfer. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *Id*. The public interest factors include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will

govern the case; and (4) the avoidance of unnecessary problems regarding conflict of laws or the application of foreign law. *Id.* These factors are "not necessarily exhaustive or exclusive" and "none can be said to be of dispositive weight." *In re Volkswagen of Am., Inc.*, 545 F.3d at 315 (quotations and alterations omitted).

Here, Plaintiff could have originally filed suit in the Eastern District of Texas, as evidenced by his prior litigation alleging that the "the place of the alleged wrong was in Collin County." *See* Mot. Transfer Br. 5–6. However, the private interest factors are ultimately neutral. While Defendant's motion argues that the Eastern District is a convenient forum for the parties and witnesses and emphasizes that Plaintiff "previously alleged that the place of the alleged wrong was in Collin County (the Eastern District)," *id.*, Defendant does not mention any considerations regarding party or non-party witnesses. *See Cooper-McClintock v. U.S.*, 2011 WL 5182259, at *3 (N.D. Tex. Oct. 31, 2011) (finding private interest factors 2 and 3 neutral where "neither party has alleged that nonparty witnesses would be unwilling to testify.").

As for the public interest factors, the Court similarly finds that they are neutral. The Northern and Eastern Districts have a similar number of pending cases (respectively 6,170 and 6,611) and similar median time-to-disposition of civil cases (respectively 5.4 months and 7.4 months). *See Statistical Tables for the Federal Judiciary – December 2024*, https://www.uscourts.gov/data-news/reports/statistical-reports/statistical-tables-federal-judiciary/statistical-tables-federal-judiciary-december-2024. There is no indication that one district is

6

more familiar with the relevant law than the other, nor are any conflict of laws anticipated. And while sometimes "precluding the necessity of another court familiarizing itself" with a case can contribute to "'promot[ing] judicial economy and increas[ing] the efficiency of the judiciary,'" *Superior Sales West, Inc. v. Gonzalez*, 2020 WL 10895557, at *2 (W.D. Tex. June 5, 2020) (citing *ColorQuick, LLC v. Vistaprint Ltd.*, 2010 WL 5261198, at *2 (E.D. Tex. Mar. 23, 2010)), because the dismissal of Plaintiff's other suits in the Eastern District occurred at early stages in the cases without ruling on the merits, here it would not be in the interest of justice to transfer this action. The Court therefore recommends that the District Judge DENY Defendant's Motion to Transfer.

Motion to Dismiss

When deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citations omitted). However, when deciding a Rule 12(b)(6) motion, a court may not look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). To survive a Rule 12(b)(6) motion, therefore, a plaintiff's complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes*

7

*Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555).

This pleading standard does not require "'detailed factual allegations,'" but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Where the facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the plaintiff is plausibly entitled to relief. *Id.* at 678 (citing *Twombly*, 550 U.S. at 557).

The Court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under the most liberal construction, however, Plaintiff's petition fails to state a claim. "[I]t is not enough to generally allege the existence of a contract and generally allege that a contract has been breached. Instead, to state a plausible breach of contract claim

a plaintiff must allege which provision of an unidentified contract has been breached." *Cruz v. Bank of Am., N.A.*, 2020 WL 4561855, at *9 (N.D. Tex. July 10, 2020) (internal citation and quotation omitted), *adopted by*, 2020 WL 4569042 (N.D. Tex. Aug. 7, 2020). A plaintiff "must identify the specific provisions of the contract that they allege were breached" to survive a motion to dismiss. *Id.* (citing *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 238 (5th Cir. 2014)).

Here, Plaintiff merely asserts that Defendant breached a contract between the parties and caused financial damages of $15,500,00 by failing to "remedy the breach or settle [the] invoice amount." Not. Rem. 9–10. It also asserts a vague unjust enrichment claim, stating that "Defendant benefited from the unauthorized use of the copyrighted name, gaining value without compensating Plaintiff." *Id.* at 10. Otherwise, Plaintiff's petition lacks any facts regarding the alleged contract and breach and thus fails to state a claim. *See Hullett v. Deutsche Bank Nat'l Tr. Co.*, 2023 WL 2520764, at *9 (E.D. Tex. Feb. 6, 2023) (finding that plaintiff failed to state a breach of contract claim when she "d[id] not allege the parties to the contract, the provisions of the contract that were breached, and her own tendering of performance under the contract"), *adopted by*, 2023 WL 2499920 (E.D. Tex. Mar. 13, 2023); *Beard v. Deutsche Bank Nat'l Tr.*, 2012 WL 12883045, at *2–3 (W.D. Tex. Oct. 22, 2012) (granting dismissal when "the pleadings simply offer no factual basis to even understand, let alone substantiate, the claims made").

## Leave to Amend

The Fifth Circuit has held that "district courts should not dismiss *pro se* complaints pursuant to Rule 12(b)(6) without first providing the plaintiff an opportunity to amend, unless it is obvious from the record that the plaintiff has pled his best case." *Hale v. King*, 642 F.3d 492, 503 (5th Cir. 2011). This applies "even when a plaintiff fails to respond to the motion to dismiss or request leave to amend." *Powell v. Soc. Sec. Admin.*, 2023 WL 3098386, at *3 (S.D. Tex. Mar. 29, 2023) (citations omitted), *adopted by*, 2023 WL 3097953 (S.D. Tex. Apr. 25, 2023).

Without leave of court, Plaintiff filed a "Second Amended Complaint for Breach of Contract" on May 28, 205. Am. Compl. (ECF No. 13). In a separate Notice accompanying the Amended Complaint, Plaintiff explains that his amended complaint "restates the original claim in clearer form." Notice (ECF No. 12). It does not. Rather, Plaintiff's amended complaint alleges—without elaboration—that Defendant was served with a notice of "a copyright violation concerning unauthorized use of protected intellectual property," and that Defendant failed to "resolve the matter administratively." Am. Compl. 2. The amended complaint further alleges that, by failing to respond to the notice, Defendant accepted "the terms under common law and UCC principles" and is now in breach of those unidentified terms, and Defendant is also "unjustly enriched." *Id*. 2–3. Plaintiff's Amended Complaint suffers from the same deficiencies as his original petition. His claims are wholly conclusory and fail to state a plausible claim for relief.

Plaintiff also filed a motion for summary judgment (ECF No. 14) to which he attaches copies of what the Court presumes are the documents he contends establish his right to relief—a "common law copyright notice," an "invoice," an "affidavit of non-response and notice of default," and a UCC statement. Even liberally construed, this submission fails to save his claims. Instead, Plaintiff's motion and attendant "evidence" demonstrate that he is seeking relief on the same facts and discredited theory underlying his previous lawsuits.

The Court should find that Plaintiff has pleaded his best case and GRANT Defendant's Motion to Dismiss without giving Plaintiff any additional opportunity to further amend his complaint. And because the Court should grant Defendant's Motion to Dismiss, it should pretermit consideration of Plaintiff's summary judgment motion.

### Recommendation

The Court recommends that the District Judge DENY Defendant's Motion to Transfer but GRANT Defendant's Motion to Dismiss and dismiss Plaintiff's claims with prejudice.

**SO RECOMMENDED.**

June 6, 2025.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district judge, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).